**SO ORDERED.**

**SIGNED this 24 day of September, 2015.**



**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **BURCAM CAPITAL II, LLC** | 12-04729-8-SWH |
| DEBTOR | |
| **BURCAM CAPITAL II, LLC** | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | 13-00064-8-SWH-AP |
| **U.S. BANK NATIONAL ASSOCIATION, and CWCAPITAL ASSET MANAGEMENT, LLC** | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The matter before the court is the motion for partial summary judgment, filed by U.S. Bank National Association ("U.S. Bank"), and CWCapital Asset Management, LLC ("CWCapital")

(collectively, the "defendants"), as to Count Five of Burcam Capital II, LLC's (the "plaintiff") First Amended Complaint.[1]  A hearing was held on June 17, 2015, in Raleigh, North Carolina.

## BACKGROUND

The plaintiff is the borrower on two notes, the A Note and the B Note (collectively, the "Notes"), which, through a series of transactions, were subsequently assigned to different holders.[2] In exchange for financing, the plaintiff pledged as security a commercial building it owns at 510 Glenwood Avenue in Raleigh, North Carolina.  Later, in 2010, the plaintiff lost its largest office tenant, and when it was unable to negotiate accommodations with the lender on the Notes, it defaulted.  Subsequently, CWCapital initiated foreclosure proceedings with the Clerk of Court in Wake County Superior Court.  On June 4, 2012, the Clerk of Court entered an order allowing foreclosure ("Foreclosure Order").  The plaintiff did not appeal.  On June 28, 2012, prior to the foreclosure sale, the plaintiff filed a chapter 11 petition under the Bankruptcy Code.

The plaintiff initiated substantially identical adversary proceedings against the defendants, Adv. Pro. No. 13-00064-8-SWH, and against Bank of America, N.A. and CWCapital, Adv. Pro. No. 13-00063-8-SWH, on April 15, 2013.  The plaintiff filed its First Amended Complaint on October 10, 2014.  The First Amended Complaint contains eight claims for relief: (1) breach of contract/breach of covenant of good faith and fair dealing; (2) unfair and deceptive trade practices; (3) libel; (4) interference with contract (against CWCapital only); (5) declaratory judgment on invalidity of loan documents and chain of title; (6) inequitable conduct and request for equitable

---

[1] The motion was filed by CWCapital in its capacity as special servicer for U.S. Bank.

[2] The circumstances surrounding the preliminary negotiations of the Notes and the subsequent history of the Notes are contested.  However, the narrow issue before the court can be resolved without discussing the disputed facts.

relief and equitable subordination; (7) accounting; and (8) objection to claim. First Amended Complaint, Doc. No. 36 at 41-48.

On March 11, 2015, the defendants filed a motion for partial summary judgment, seeking summary judgment in their favor solely with regard to the plaintiff's Fifth Claim for Relief, Declaratory Judgment on Invalidity of Loan Documents and Chain of Title to Notes ("Fifth Claim for Relief"). Defendants' Motion for Partial Summary Judgment, Doc. No. 64 at 2. The defendants contend that they are entitled to summary judgment on the Fifth Claim for Relief because it is barred in its entirety by the Rooker-Feldman doctrine and *res judicata*. The defendants assert that the validity of the subject loan documents and the chains of title were determined by the Foreclosure Order. In response, the plaintiff maintains that the Rooker-Feldman doctrine does not apply because its injury stems from the defendants' conduct, rather than from the Foreclosure Order, and because it seeks relief that could not have been sought in the foreclosure proceeding. The plaintiff also contends that *res judicata* does not bar the Fifth Claim for Relief because different claims and defenses are at issue than those involved in the foreclosure proceeding.

The Fifth Claim for Relief seeks a declaratory judgment that "the documents of transfer of the [Notes] relied upon by CWCapital and U.S. Bank are false and fraudulent," and that "the chain of title for the [Notes] alleged by CWCapital is invalid and the alleged 'holders' of the [Notes] did not derive and do not hold any rights to the [Notes] as a result of the transfers alleged by CWCapital and allegedly reflected in the false and fraudulent documents." Additionally, it seeks a declaratory judgment that "CWCapital lacks lawful authority to act for the Lenders or Trustees, whether as Special Servicer or otherwise." First Amended Complaint, Doc. No. 36 at 46.

3

## DISCUSSION

Pursuant to Fed. R. Civ. P. 56(c), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, summary judgment may be allowed "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment[] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, all conflicts are resolved by viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When ruling on a motion for summary judgment, the trial court has an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

The court will first consider whether the Fifth Claim for Relief is barred by the Rooker-Feldman doctrine. The defendants contend that the Fifth Claim for Relief squarely falls within the purview of the Rooker-Feldman doctrine because it seeks a declaration that would contradict the express findings of the Foreclosure Order. The defendants point to specific findings of the Foreclosure Order that: (1) the loan documents were properly assigned to the Note Holders, namely, BofA and U.S. Bank; (2) the plaintiff executed the Notes and deed of trust; (3) the A Note Holder is the attorney-in-fact for the B Note Holder; (4) CWCapital has authority and power to act on behalf

of the Note Holders, enforce their rights and remedies and to administer the loan; (5) the plaintiff defaulted under the loan documents; (6) the Note Holders and CWCapital are entitled to foreclose; and (7) the Note Holders are entitled to payment of the entire indebtedness due under the loan documents. Defendants' Motion for Partial Summary Judgment, Doc. No. 64 at 7. The plaintiff counters that the Fifth Claim for Relief does not allege that the Foreclosure Order caused its injury, but that the defendants' conduct caused its injury, and also that the requested relief could not have been sought in the foreclosure proceeding.

The Rooker-Feldman doctrine recognizes the principle that appellate jurisdiction to reverse or modify state court judgments is lodged exclusively with state appellate courts and the U.S. Supreme Court, and accordingly, it enunciates a jurisdictional limitation on lower federal courts' review of state court judgments. Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). Essentially, lower federal courts lack jurisdiction to review and reject "cases brought by state court losers complaining of injuries caused by state-court judgments" rendered prior to the commencement of federal proceedings. Id. at 284. The doctrine extends to the issues actually presented to and decided by the state court, as well as those that are "inextricably intertwined" with the state court decision. Hinson v. Countrywide Home Loans, Inc. (In re Hinson), 481 B.R. 364, 374 (Bankr. E.D.N.C. 2012). A federal claim is "inextricably intertwined" with a state court decision where the requested relief necessitates a finding by the federal court that the state court judgment was erroneous, or requires action that would render the state court judgment ineffectual. Id.; see also Shaw v. Harris, Case No. 5:12-CV-804-BR, 2013 WL 5371183, at *2 (E.D.N.C. Sept. 29, 2013).

The state court proceeding in this case was a foreclosure proceeding. North Carolina law provides that the act of the Clerk of Court in issuing a foreclosure order is a judicial act. N.C. Gen.

5

Stat. § 45-21.16(d1). Accordingly, courts in this district and elsewhere have specifically found that the Rooker-Feldman doctrine applies to foreclosure orders issued by Clerks of Court. See Wiggins v. Planet Home Lending, LLC, Case No. 5:14-CV-862-D, 2015 WL 3952332 (E.D.N.C. June 29, 2015); Shaw, 2013 WL 5371183, at *4; Renfrow v. Fremont Home Loan Trust, Case No. 5:12-cv-565-FL, 2013 WL 3475300, at *6 (E.D.N.C. July 10, 2013); Radisi v. HSBC Bank USA, Nat'l Ass'n, Case No. 5:11CV125-RLV, 2012 WL 2155052, at *4 (W.D.N.C. June 13, 2012); Hinson, 481 B.R. at 374; Poindexter v. Wells Fargo Bank, N.A., Case No. 3:10cv257-RJC-DLH, 2010 WL 3023895, at *3 (W.D.N.C. July 29, 2010); Brumby v. Deutsche Bank Nat'l Trust Co., Case No. 1:09CV144, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010). A Clerk's inquiry in a foreclosure proceeding is confined to four issues: (1) the existence of a valid debt of which the party seeking to foreclose is the holder; (2) default; (3) right to foreclose under the instrument; and (4) proper notice. § 45-21.16(d). A *de novo* appeal may be taken to the superior court within 10 days of the Clerk's order. § 45-21.16(d1). The inquiry before the superior court on appeal is likewise restricted to the four issues provided under § 45-21.16(d). Espinosa v. Martin (In re Espinosa), 135 N.C. App. 305, 308, 520 S.E.2d 108, 111 (1999). Legal defenses that negate any of the requisite findings are properly considered at the foreclosure hearing, but equitable defenses may not be raised except in a separate action to enjoin the foreclosure under § 45-21.34. In re Bonder, 55 N.C. App. 373, 375, 285 S.E.2d 615, 616 (1982); § 45-21.34. Whether the party seeking to foreclose is the holder of the note is a legal defense properly raised at the hearing. In re Raynor, 748 S.E.2d 579, 584 n.2 (N.C. Ct. App. 2013).

The court finds that the Fifth Claim for Relief is an attempt to seek federal court review of issues decided by, or inextricably intertwined with, the Foreclosure Order, and as such, is barred by

the Rooker-Feldman doctrine.  Granting the plaintiff's requested relief would require this court to "reverse the Clerk's finding in the state court foreclosure proceeding that [the defendants are] the holder[s] of the [N]ote[s] and [have] the authority to foreclose on the note." Hinson, 481 B.R. at 374 (plaintiffs asserted that the defendant did not file documentation showing it was the holder of the loan).  Specifically, issuing a declaration that the documents of transfer are false and fraudulent, that the chain of title to the Notes is invalid, and that CWCapital lacks authority to act for the lenders or trustees would reverse the following findings of the Clerk of Court: (1) "U.S. Bank is the holder, or current beneficiary, of Note A"; (2) "Note B was further assigned to LaSalle Bank pursuant to an Allonge made by CBA-Mezzanine Capital Funding, Ltd." and "Bank of America, N.A. is the surviving corporate entity after a corporate merger between LaSalle Bank and Bank of America, N.A."; (3) "CWCapital . . . has the authority to act as Servicer in this matter"; (4) "CWCapital has the exclusive right and obligation to administer the Mortgage Loan on behalf of the Note A holder and Note B holder and to enforce the loan documents"; (5) and "CWCapital has the authority to pursue all remedies on behalf of the holders of both Note A and Note B."  Ex. 1 to Defendants' Motion for Partial Summary Judgment, Doc. No. 64-1 at 3-5.  The validity of the chain of title and the proper holder of the Notes was judicially established by the Clerk in the Foreclosure Order, "precluding this court from having subject matter jurisdiction over this issue." Hinson, 481 B.R. at 374; see also Radisi, 2012 WL 2155052, at *4 (whether defendant was legitimate holder was precisely what state court decided, which necessarily encompassed the chain of ownership).

       The plaintiff argues that Robinson v. Deutsche Bank Nat'l Trust Co., Case No. 5:12-CV-590-F, 2013 WL 1452933 (E.D.N.C. Apr. 9, 2013), stands for the proposition that the Rooker-Feldman doctrine is inapplicable.  However, Robinson involved claims against the defendants for actions

taken *after* the foreclosure order was entered that were unrelated to the state court judgment. 2013 WL 1452933, at *6. Under those facts, the Rooker-Feldman doctrine did not apply because the defendants' conduct supported an independent claim; the plaintiff's requested remedy did not involve review and rejection of the state court judgment. Id. That case is inapplicable to the situation at hand. The plaintiff has not alleged conduct that would support an unrelated claim under the Fifth Claim for Relief, as is apparent by the very relief sought: a declaration that the documents of transfer and chain of title is invalid. The relief requested by the Fifth Claim for Relief seeks to reverse a finding made by the state court. See Shaw, 2013 WL 5371183, at *5 (action allegedly taken by defendants, filing improper documents and making deceptive representations to Clerk and register of deeds, was nothing more than the conduct challenged in attacking the foreclosure judgment; it was not "unrelated conduct supporting an 'independent' claim"); Radisi, 2012 WL 2155052, at *4.

The court also cannot accept the plaintiff's argument that the Fifth Claim for Relief seeks relief that may not be obtained in a foreclosure hearing. The Fifth Claim for Relief does not assert equitable arguments,[3] which could not have been asserted at the foreclosure hearing; it asserts a

---

[3] The court notes that equitable arguments may be raised in the plaintiff's other causes of action that indeed could not have been adjudicated by the Clerk of Court. Pursuant to § 45-21.34, the right to relief premised on other legal or equitable grounds is preserved until the rights of the parties to the sale become fixed upon expiration of the upset bid period. §§ 45-21.34, 45-21.29A. The plaintiff filed for bankruptcy prior to the foreclosure sale, and thus prior to the time that the rights of the parties to the sale became fixed. Therefore, the plaintiff's right to pursue such other forms of relief was preserved. See Hinson, 481 B.R. at 373 (finding the same). Accordingly, the court is in clear disagreement with footnote 5 of the defendants' motion, which states that "[t]he Court also cannot rule in favor of the Debtor on any of [its other causes of action] without contradicting the Foreclosure Order." Defendants' Motion for Partial Summary Judgment, Doc. No. 64 at 7. As the Hinson court found in concluding that certain of the plaintiff's claims were not barred by the Rooker-Feldman doctrine, under § 45-21.34, "the parties are entitled to the legal or equitable relief which the court deems sufficient." 481 B.R. at 375.

straightforward legal argument that was proper for consideration by the Clerk, or by the superior court on appeal, to negate the existence of a "valid debt of which the party seeking to foreclose is the holder," a required finding deemed satisfied by the Clerk of Court. See Hinson, 481 B.R. at 374 (whether the defendant was the proper holder of the loan could have been litigated in the state court proceedings); see also Jabez Consol. Holdings, Inc. v. Wells Fargo Bank, N.A., No. COA14-552, 2014 WL 7149462, at *4 (N.C. Ct. App. Dec. 16, 2014) (Clerk and superior court were not prevented from considering plaintiff's allegations that defendant fraudulently caused any finding that it was the proper holder of the note). The plaintiff did not appeal the Clerk's findings to superior court. "The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state." Radisi, 2012 WL 2155052, at *4.

The defendants also allege that the Fifth Claim for Relief is barred by *res judicata*. However, it is not necessary for the court to decide whether *res judicata* applies because the court has already determined that the Fifth Claim for Relief is barred by the Rooker-Feldman doctrine.

## CONCLUSION

In accordance with the above discussion, the court finds that the Fifth Claim for Relief is barred by the Rooker-Feldman doctrine. Therefore, the defendants' motion for partial summary judgment is **GRANTED** as to the Fifth Claim for Relief.

**SO ORDERED.**

**END OF DOCUMENT**